IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NISHA RAO,

      Plaintiff,                    No. CIV S-08-1527 JAM DAD PS

    v.

AMERISOURCEBERGEN CORP., et al.,      ORDER VACATING FINDINGS AND RECOMMENDATIONS AND SETTING SECOND STATUS CONFERENCE

      Defendants.
_____/

      By order filed on July 7, 2008, the undersigned set a Status (Pretrial Scheduling) Conference for September 19, 2008. Each party was ordered to file a status report and to appear at the status conference. Plaintiff did not file a status report, even after defendant filed and served a timely status report that refers to the order setting status conference. Plaintiff did not appear at the status conference. In findings and recommendations filed September 22, 2008, the undersigned has recommended that the case be dismissed. In a document titled "RE: Joint Status Report," plaintiff asserts that she "never received any notice regarding Joint Status Report" and "was not in a condition to take any action due to her medical conditions."

      Plaintiff's document is not a status report. In the interest of justice, the filing will be construed as plaintiff's objections to findings and recommendations. The court considers first plaintiff's allegation that she did not receive notice regarding a joint status report. The order

1

setting status conference and requiring each party to file a separate status report was served on plaintiff at her address of record, which is the address shown on plaintiff's objections. Six other documents have been sent to that address by the court: civil new case documents for Judge Mendez on July 2, 2008; a summons on July 2, 2008; a notice of docket correction regarding the summons served on July 3, 2008; a notice of docket correction regarding the civil new case documents served on July 3, 2008; additional civil new case documents on July 3, 2008; and the findings and recommendations filed September 22, 2008. No document served by the court was returned as undeliverable. Plaintiff is advised that a party is presumed to have received a document properly served at the party's address of record and not returned by the postal service.

The court considers next plaintiff's assertion that in any event she would have been unable to take any action due to her medical conditions. Plaintiff's filing is not in the form of a declaration and is not signed under penalty of perjury. One of plaintiff's exhibits reflects that plaintiff suffers from an ankle injury and has difficulty ambulating and being on her feet for extended periods of time. The other exhibit indicates that plaintiff has unspecified medical conditions that require the help of her husband at times. This evidence does not appear to be relevant if plaintiff is claiming that she was unaware of the status conference and the order requiring status reports. If plaintiff was aware of the status conference and her obligation to file and serve a status report, her evidence fails to show that she was unable to communicate with the court or defendant's counsel by mail or telephone to request a continuance.

In the interests of justice, the court will vacate the findings and recommendations and set a second status conference. If plaintiff fails to comply with this order, new findings and recommendations will be issued and will not be vacated except upon a substantial showing of good cause.

If plaintiff does not have a copy of the court's July 7, 2008 Order Setting Status (Pretrial Scheduling) Conference (Doc. No. 8), she is advised to come to the court house or send someone to the court house on her behalf to view or purchase a copy of the three-page order.

Accordingly, IT IS ORDERED that:

1. This court's September 22, 2008 findings and recommendations (Doc. No. 12) are vacated;

2. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, a second Status (Pretrial Scheduling) Conference is set for **December 19, 2008, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Dale A. Drozd;

3. Each party shall appear at the Status Conference by counsel or, if acting without counsel, on his or her own behalf.  A party may appear at the Status Conference either in person or telephonically.  To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 no later than three days before the Status Conference to provide a telephone number (land line only) at which the party can be reached at the time set for the status conference;

4. Plaintiff shall file and serve a status report on or before **December 5, 2008**, and a supplemental status report may be filed by defendant on or before **December 12, 2008**. Plaintiff's status report shall address all of the topics listed in the court's July 7, 2008 Order Setting Status (Pretrial Scheduling) Conference; and

5. Plaintiff is cautioned that failure to comply with this order will result in a second recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules.  <u>See</u> Local Rules 11-110, 83-183.

DATED: November 12, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\rao1527.ord.vacf&r.setsc

3