IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NISHA RAO,

       Plaintiff,                No. CIV S-08-1527 DAD PS

    v.

AMERISOURCEBERGEN CORP.,
et al.,

       Defendants.

_____/

## **STATUS (PRETRIAL SCHEDULING) ORDER**

       READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT MAY STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

       Pursuant to court order, a Second Status (Pretrial Scheduling) Conference was held on December 19, 2008, at 11:00 a.m.  Plaintiff Nisha Rao appeared on her own behalf, accompanied by her husband.  Adrianne B. Sams, Esq. appeared as counsel for defendant Amerisourcebergen Corporation.

After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

The only named party defendant has been served and no further service is permitted except upon the joinder of additional parties in an amended pleading filed in accordance with the following paragraph.

**JOINDER OF PARTIES/AMENDMENTS**

Any further amendments to plaintiff's complaint, including joinder of additional parties, shall be sought by properly noticed motion for leave to amend filed within 90 days after December 19, 2008.  See Fed. R. Civ. P. 15(a).  After the 90-day period expires, the defendants sued as Does One through Five will be deemed dismissed without further order of the court, and no further joinder of parties or amendments to pleadings will be permitted thereafter except with leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

**JURISDICTION/VENUE**

Defendant AmerisourceBergen Corporation removed this case from state court pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction under 28 U.S.C. § 1331.  Defendant has also asserted in its status reports that plaintiff's employment discrimination claims raise federal questions over which the court has jurisdiction under 28 U.S.C. § 1332.  Jurisdiction predicated upon 28 U.S.C. §§ 1331 and 1332 is undisputed and is hereby found to be proper, as is venue.

**MOTION HEARING SCHEDULES**

All law and motion, except as to discovery, which is discussed below, shall be conducted so as to be completed by **December 4, 2009**.  The word "completed" in this context means that all law and motion matters must be **heard** on or before the above date.  Because this date is not necessarily a date that will be set aside for law and motion hearings, it is incumbent upon counsel and parties proceeding pro se to contact this court's courtroom deputy, Pete Buzo,

1   at (916) 930-4128 sufficiently in advance so as to ascertain dates upon which law and motion

2   will be heard and to properly notice motions for hearing on or before December 4, 2009.  This

3   paragraph does not preclude the filing of motions for continuances, motions for temporary

4   restraining orders, and other emergency applications that are subject to special scheduling.

5        The parties are cautioned to refer to Local Rule 78-230 regarding the requirements

6   for noticing motions on this court's regularly scheduled law and motion calendar.  **Opposition or**

7   **statement of non-opposition to all motions shall be filed and served not later than 4:30 p.m.**

8   **fourteen (14) days preceding the hearing date except that opposition served by mail must**

9   **be served no less than seventeen (17) days preceding the hearing date.**

10       The parties should keep in mind that the purpose of law and motion is to narrow

11  and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues

12  that are susceptible to resolution without trial.  To accomplish that purpose, the parties must

13  identify and fully research the issues presented by the case and then examine those issues in light

14  of the evidence gleaned through discovery.  If it appears to counsel or a party proceeding pro se

15  after examining the legal issues and the facts that an issue can be resolved by pretrial motion,

16  counsel or the pro se party shall file an appropriate motion within the time set forth above.

17       ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

18  PRETRIAL MOTION.  Counsel and parties proceeding pro se are reminded that motions in

19  limine are procedural devices designed to address the admissibility of evidence.  Counsel and

20  parties proceeding pro se are cautioned that the court will look with disfavor upon substantive

21  motions presented in the guise of motions in limine at the time of trial.  Counsel and parties

22  proceeding pro se are further cautioned that if any legal issue that should have been tendered to

23  the court by pretrial motion must be resolved by the court after law and motion cutoff, substantial

24  sanctions may be levied against counsel or a party proceeding pro se who failed to timely file an

25  appropriate motion.

26  /////

1        **DISCOVERY**

2        All discovery not pertaining to experts shall be conducted so as to be <u>completed</u>

3 by **October 2, 2009**.  The word "completed" means that all discovery shall have been conducted

4 so that all depositions have been taken and any disputes relative to discovery shall have been

5 resolved by appropriate order if necessary and, where discovery has been ordered, the order has

6 been complied with.  All motions to compel discovery must be noticed on this court's calendar in

7 accordance with Local Rule 37-251.

8        Each party shall designate in writing and file with the court and serve upon all

9 other parties the names of any experts that the party proposes to tender at trial not later than

10 **August 7, 2009**.  All experts so designated are to be fully prepared to render an informed opinion

11 at the time of <u>designation</u> so that they may fully participate in any deposition subsequently taken

12 by the opposing party.  Experts will not be permitted to testify at the trial as to any information

13 gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  An

14 expert witness not listed in the party's designation of witnesses will not be permitted to testify

15 unless the party offering the witness demonstrates that:  (a) the necessity of the witness could not

16 have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing

17 counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly

18 proffered for deposition.  All discovery pertaining to experts shall be conducted so as to be

19 <u>completed</u> by **October 16, 2009**.  The word "completed" means that all discovery pertaining to

20 experts shall have been conducted so that all depositions have been taken and any disputes

21 relative to expert discovery shall have been resolved by appropriate order if necessary and, where

22 expert discovery has been ordered, the order has been complied with.  All motions to compel

23 discovery pertaining to experts must be noticed on this court's calendar in accordance with Local

24 Rule 37-251.

25 /////

26 /////

4

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is **SET** for **January 29, 2010**, at **1:30 p.m.**, before the undersigned.  Parties represented by counsel are cautioned that any counsel appearing for Final Pretrial Conference shall in fact try the matter.

Counsel and parties proceeding pro se are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel and parties proceeding pro se are referred to Local Rules 40-280 and 16-281 relating to the contents of and time for filing Pretrial Statements.  In addition to all subjects listed in Local Rule 16-281(b), the parties shall include in their pretrial statements a plain, concise statement that identifies every non-discovery motion that was tendered to the court and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

Plaintiff and defendants shall file separate Pretrial Statements in accordance with the provisions of Local Rule 16-281(a)(1).  Additionally, the parties shall confer and prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case.  See Local Rule 16-281(b)(3), (4), and (6).  In the joint statement, the undisputed facts and disputed factual issues are to be set forth in two separate sections.  In each section, the parties should identify first the general facts relevant to all causes of action.  After identifying the general facts, the parties should then identify the facts relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any party and explain by parenthetical the controversy concerning each issue.  In general, each fact should relate or correspond to an element of the relevant cause of action.  Notwithstanding the provisions of Local Rule 16-281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.

1    Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide

2 with their separate Pretrial Statements a list of witnesses and exhibits that they propose to proffer

3 at trial for any purpose.  These lists shall not be contained in the parties' Pretrial Statements but

4 shall be attached as separate documents.  Plaintiff's exhibits shall be listed **numerically**.

5 Defendants' exhibits shall be listed **alphabetically**; in the event that the alphabet is exhausted,

6 defendants' exhibits shall be marked "2A-2Z, 3A-3Z," etc.  The Pretrial Order will contain a

7 stringent standard for the proffering at trial of witnesses and exhibits not listed in the Pretrial

8 Order.  Counsel and parties proceeding pro se are cautioned that the standard will be strictly

9 applied.  On the other hand, the listing of exhibits or witnesses which the party does not intend to

10 call or use will be viewed as an abuse of the court's processes.

11    Pursuant to Local Rule 16-281(b)(12), each party is required to provide a list of all

12 answers to interrogatories and responses to requests for admission that the party expects to offer

13 at trial.  This list should include only those documents or portions thereof which the party expects

14 to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court,

15 the parties remain free to tender appropriate discovery documents during trial for such purposes

16 as, but not limited to, impeachment or memory refreshment.

17    Pursuant to Local Rule 16-281(b)(8), each Pretrial Statement shall contain a

18 "statement of legal theory, etc."  Each party shall commence this section by specifying as to each

19 claim whether federal or state law governs, and, if state law, the state whose law is applicable.

20    The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their

21 duty at the Pretrial Conference to aid the court in formulation and simplification of issues and the

22 elimination of frivolous claims or defenses; settling of facts which should be properly admitted;

23 and the avoidance of unnecessary proof and cumulative evidence.  Each party must prepare its

24 Pretrial Statement and participate in good faith in the Pretrial Conference with these aims in

25 mind.  FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS, which

26 /////

1   may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or

2   such other sanctions as the court deems appropriate.

3                               **TRIAL SETTING**

4           A bench trial is **SET** for **March 15, 2010**, at **10:00 a.m.** before the undersigned.

5   The parties estimate in good faith that the length of the trial may be one week.

6                          **SETTLEMENT CONFERENCE**

7           At the time of the Final Pretrial Conference, a Settlement Conference will be

8   scheduled before the undersigned pursuant to the parties' indications that they will agree to the

9   assigned judge acting as settlement judge in this matter.  If a Settlement Conference is set before

10  the undersigned, each party must execute and file a form waiving disqualification of the assigned

11  judge acting as settlement judge.

12          Counsel are cautioned that a principal capable of disposition must be present at

13  the Settlement Conference or counsel must be fully authorized to settle the matter on any terms at

14  the Settlement Conference.

15                       **MISCELLANEOUS PROVISIONS**

16          An objection to the dates set in this order shall be filed and served within ten days

17  after the order is filed.  Pursuant to Fed. R. Civ. P. 16(b), this order **will not be modified after**

18  **the ten-day period except by leave of court upon a showing of good cause.**  Changes to any of

19  the scheduled dates may necessarily result in changes to all other dates.  Thus, even where good

20  cause has been shown, the court may, for example, decline to change the discovery cutoff date

21  without modifying the pretrial conference and trial dates.  Agreement by the parties pursuant to

22  stipulation may not constitute good cause.  The unavailability of witnesses or counsel does not

23  constitute good cause except in extraordinary circumstances.

24  /////

25  /////

26  /////

7

1           There appear to be no other matters presently pending before the court that will

2    aid the just and expeditious disposition of this matter.

3           IT IS SO ORDERED.

4    DATED: December 19, 2008.

5

6    _____

7    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

8    DAD:kw
    Ddad1/orders.consent/rao1527.sched.ord

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26