1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NISHA RAO,

11            Plaintiff,                    No. CIV S-08-1527 DAD PS

12        vs.

13   AMERISOURCEBERGEN CORP.,

14            Defendant.                    ORDER

15   _____/

16            By order filed in this consent case on September 22, 2010, the undersigned

17   granted defendant's motion for summary judgment, and judgment was entered accordingly.  On

18   October 5, 2010, plaintiff filed a document titled "Motion for Reconsideration and or

19   Alter/Amend Order and or Any Other Motion Type Court Deems Fit."  (Doc. No. 46.)  Therein,

20   plaintiff "requests any and all benefits/assistance and or advice from the honorable court

21   available as pro se litigant" and "authorizes this court to make any changes to this motion that it

22   deems fit for plaintiff."  Defendant has filed written opposition to the motion.

23            To the extent that plaintiff is seeking legal advice from the court, plaintiff is

24   informed that the court cannot provide litigants with legal advice or act as an advocate for any

25   litigant.  The court will nonetheless consider plaintiff's pro se motion pursuant to relevant legal

26   provisions.

1

First, the court construes plaintiff's motion as one for reconsideration pursuant to Local Rule 230. Under this rule, a party may seek reconsideration of a ruling on any motion. However, the application must be supported by a brief that sets forth, among other matters, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously and why those new and different facts or circumstances were not shown at the time of the prior motion. Local Rule 230(j). Here, plaintiff has not presented in her brief any new or different facts or circumstances which did not exist or could not have been shown prior to the filing of the court's order granting defendant's motion for summary judgment. Accordingly, the court finds that plaintiff is not entitled to reconsideration pursuant to Local Rule 230.

A party seeking reconsideration of summary judgment has two additional options. The party may move to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), or move to vacate the judgment under Federal Rule of Civil Procedure 60(b). See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). Rule 60(b) permits relief from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct by an adverse party; (4) void judgment; (5) satisfaction, release, or discharge of the judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

A motion under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e) (as amended Mar. 26, 2009, effective Dec. 1, 2009). Rule 60(b) motions must be brought within "a reasonable time," except that motions brought pursuant to reasons (1), (2), and (3) must be brought no later than a year after the entry of the judgment or

1  order at issue.  Fed. R. Civ. P. 60(c).  Here, plaintiff's motion for reconsideration was timely

2  filed for purposes of Rules 59(e) and 60(b), and the court liberally construes the motion as

3  brought pursuant to both rules.[1]

4        Reconsideration under Rule 59(e) or Rule 60(b) is appropriate only if the district

5  court is presented with newly discovered evidence, an intervening change in controlling law, or

6  the necessity to correct clear error or prevent manifest injustice.  Navajo Nation v. Confederated

7  Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); School Dist.

8  No. 13, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "Whether

9  or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation,

10  331 F.3d at 1046; see also Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v.

11  Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Rodriguez v. Bowen, 678 F.

12  Supp. 1456, 1457 (E.D. Cal. 1988).  Reconsideration is not a vehicle by which an unsuccessful

13  party is permitted to rehash arguments previously presented or to raise arguments or present

14  evidence that could have been raised previously.  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.

15  2003); Taylor, 871 F.2d at 805; Gutierrez v. Givens, 989 F. Supp. 1033, 1047 (S.D. Cal. 1997);

16  Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  See also FDIC v. Meyer,

17  781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277,

18  279-80 (E.D. Pa. 1991).

19        Here, plaintiff's motion for reconsideration does not offer substantially different

20  evidence and does not cite any new controlling authority.  The court's order granting summary

21  judgment in defendant's favor is not clearly erroneous because the order is supported by the

22  record and the law.  Finally, plaintiff 's motion fails to demonstrate that the court's ruling

23  resulted in manifest injustice.  Thus, plaintiff has not established a basis for an order altering or

24  

25      [1]  Pursuant to Federal Rule of Appellate Procedure 4(a)(4), the filing of either a Rule 59 motion or a Rule 60 motion extends the time for filing an appeal, so long as the motion is filed

26  within 28 days after the entry of the judgment at issue.  Fed. R. App. P. 4(a)(4) (as amended Mar. 29, 2009, effective Dec. 1, 2009).

1   amending the judgment pursuant to Rule 59(e) or an order vacating the judgment under any

2   provision of Rule 60(b).

3         Accordingly, IT IS ORDERED that plaintiff's motion for reconsideration or to

4   alter or amend judgment (Doc. No. 46) is denied.

5   DATED: April 15, 2011.

6

7

8                            DALE A. DROZD
                           UNITED STATES MAGISTRATE JUDGE

9   DAD:kw
   Ddad1\orders.consent\rao1527.mot.recon

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26